678 A.2d 1203

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Darryl KEEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 1996.

Filed June 25, 1996.

188

Steven R. Tabano, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before POPOVICH, EAKIN and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Allegheny County entered on February 28, 1995, denying appellant's Post–Conviction Relief Act Petition. Appellant was charged with two counts of Homicide, three counts of Aggravated Assault and two counts of Conspiracy arising out of a single incident. Additionally, appellant was charged with one count of receiving stolen property and one count each of possession of a controlled substance, possession of drug paraphernalia and possession with the intent to deliver.

In exchange for appellant's agreement to testify against his co-defendant, the Commonwealth agreed to nol pros the homicide charges and one conspiracy charge. Appellant then entered a general guilty plea to the remaining charges for which the Commonwealth agreed not to seek mandatory sentences. The trial court sentenced appellant to an aggregate term of eighteen to sixty years imprisonment. On this appeal, appellant contends that the trial court erred in not fully informing him of the maximum sentence which he could receive from pleading guilty. Upon review, we find that appellant was sufficiently informed of the maximum sentence.

Our standard for reviewing the post-conviction court's denial of appellant's petition for relief is "limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. The findings of the post-conviction court will not be disturbed unless they have no support in the record." *Commonwealth v. Granberry*, 434 Pa.Super. 524, 530, 644 A.2d 204, 207 (1994) (citations omitted).

Appellant herein presents the following two issues which will be addressed in one discussion: did the trial court err in not informing appellant of the maximum sentence which could be imposed; and, did the trial court err in not informing appellant that the sentences could be imposed consecutively. Recently, the Pennsylvania Supreme Court decided two cases presenting similar issues. In *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992), prior to the defendant's

guilty plea, the trial court informed the defendant of the permissible range of sentence for each offense, but failed to inform him that the sentences could be imposed consecutively. In response, the Supreme Court reversed and remanded the case for trial stating that

[t]o hold that the term "maximum" does not include the total possible aggregate sentence is clearly incorrect. And to hold that a plea was intelligently and understandingly entered where a defendant was not informed that consecutive sentences could be imposed upon his multiple convictions is equally incorrect.

*Id.*, 615 A.2d at 1308.

Subsequently, the Supreme Court clarified its holding in *Persinger* in the case of *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463 (1995). In *Carter*, the defendant admitted being informed of the maximum sentence of each crime. However, he argued that his plea was invalid because he was not informed that each individual sentence could be imposed consecutively. The Court explained that it reversed *Persinger* because the defendant was not advised of the maximum total he could have been sentenced to consecutively, and the court then sentenced the defendant to the maximum consecutive total. *Carter, supra*, 656 A.2d at 466. The Court in *Carter* distinguished its facts from those presented in *Persinger* by noting that the defendant in *Carter* "was not sentenced to a term of imprisonment that exceeded his expectations of imprisonment so as to make his plea involuntary or unknowing." *Id.* at 466. In fact, the defendant in *Carter* was sentenced to a total prison sentence which was less than the maximum permissible sentence for one of the four counts of burglary.

In the present case, appellant completed an extensive written guilty plea affirming that he understood the permissible range of sentence which could be imposed. During the guilty plea colloquy, the trial court informed appellant that he could receive a maximum of ten years imprisonment for possession with intent to deliver and one year each for possession of a controlled substance and possession of drug paraphernalia. Guilty Plea Hearing Transcript, 12/14/92, pp. 4–5. With re-

gard to appellant's three counts of aggravated assault, the trial court informed appellant that he could face a maximum sentence of twenty years for each count. *Id.* at 5. Appellant was then told that he could receive a maximum of ten years imprisonment for the conspiracy count and a maximum of five years for the receiving stolen property count. *Id.* at 5–6.

Following a recitation of the facts, the Commonwealth's attorney asked appellant "[a]nd you further understand that as to each of the criminal informations, the judge could impose a sentence on each count that would run consecutive with one another. In other words, she could sentence you separately on each offense to which you pled guilty?" Guilty Plea Hearing Transcript, 12/14/92, p. 12. Appellant responded that he understood the meaning of consecutive sentences and that he was entering his plea because he was guilty.

Upon review, we find that appellant was informed sufficiently of the maximum sentence which could have been imposed. Although the trial court did not state the total maximum consecutive sentence, it clearly stated the maximum sentence for each count individually and appellant was told that they could be imposed consecutively. We also find that the Commonwealth's attorney adequately defined consecutive sentences. Furthermore, appellant was sentenced to an aggregate term of eighteen to sixty years imprisonment, whereas, the maximum consecutive sentence which could have been imposed for *one* count of aggravated assault was twenty years imprisonment. Therefore, as in *Carter*, we do not find that appellant was sentenced to a term of imprisonment that exceeded his expectations of imprisonment so as to make his plea involuntary or unknowing.

Order affirmed.