J-S03035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANJAY PATEL | |
| Appellant | No. 1993 EDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006368-2011

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 06, 2015**

Sanjay Patel appeals from the order entered June 10, 2014, in the Court of Common Pleas of Montgomery County, dismissing his petition seeking collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  Patel claims trial counsel was ineffective in failing to advise him the drug possession charge at the criminal docket number underlying this appeal was subject to a three-year maximum sentence, and not a one-year maximum sentence as he was advised at his guilty plea hearing. **See** Patel's Brief at 3.  Based upon the following, we affirm.

The PCRA court has summarized the background of this case as follows:

On November 16, 2012, [Patel] entered an open guilty plea on file 6368-2011, to possession of heroin; on file 7172-2012, to possession of heroin and on file 3840-2012, to retail theft.[1] During the colloquy and pertinent to this appeal, [Patel] was incorrectly advised by the Commonwealth that the possession charge at file 6368-11 carried a one-year maximum. (Guilty Plea 11/16/12 pp. 10 -11). [Patel] was also advised by this Court that the second possession charge had a maximum sentence of three years, and that the retail theft charge carried a two-year maximum. *Id.*

Sentencing was held on February 21, 2013.[2] [Patel] was sentenced on each of the possession convictions to a term of 6 to 23 months' imprisonment, to run concurrent to each other[, followed by a one year term of probation, to run concurrent with each other]. On the retail theft charge, [Patel] was sentenced to a two year probationary term, consecutive to the previous sentences. In aggregate, [Patel] was sentenced to 6 to 23 months' imprisonment, followed by [three] years' probation. No appeal was taken.

On February 20, 2014, [Patel] filed a [counseled] PCRA petition, to which the Commonwealth filed an Answer and Motion to Dismiss. Thereafter, [Patel] filed an Amended PCRA petition on June 4, 2014. The following day, the Commonwealth again filed an Answer and Motion to Dismiss. Argument on the petition was held on June 10, 2014. Following argument this Court issued the Final Order of Dismissal dated June 10, 2014, which is the subject of this appeal.

_____

[1] In exchange for Patel's agreement to enter the open guilty plea, the Commonwealth withdrew six felony counts, and allowed Patel to plead guilty to three misdemeanors. *See* N.T., 2/21/2013 (Sentencing), at 17.

[2] Prior to imposing sentence, the trial court noted the presentence report indicated that both of Patel's drug possession charges were subject to a three-year maximum sentence, and determined that "the prior possession with intent would make these [drug possession charges] both three years." *Id.* at 9.

PCRA Court Opinion, 8/11/2014, at 1-2.[3]

At the outset, we state the principles that guide our review:

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012) (citations omitted), *appeal denied*, 67 A.3d 796 (Pa. 2013).

Counsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance. Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. If a petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194–1195 (Pa. Super. 2012) (citation omitted), *appeal denied*, 54 A.3d 347 (Pa. 2012).

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during

_____

[3] We note that Patel timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial."

*Commonwealth v. Timchak*, 69 A.3d 765, 769–770 (Pa. Super. 2013)

(citations omitted).

It is well established that when a defendant seeks to withdraw a guilty plea after sentencing, "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." In certain circumstances, the failure to inform a defendant of the maximum possible sentence he or she could receive has been found to be a manifest injustice. For instance, this is the case when the defendant receives a sentence in excess of what he was informed the maximum sentence could be. However, "if a defendant enters an open guilty plea and justifiably believes that the maximum sentence is less than what he could receive by law, he may not be permitted to withdraw the plea unless he receives a sentence greater than what he was told."

*Commonwealth v. Warren*, 84 A.3d 1092, 1096 (Pa. 2014) (citation

omitted). *See also Commonwealth v. Carter*, 656 A.2d 463, 466 (Pa.

1995) (where defendant's aggregate penalty did not exceed the maximum

single-count sentence of which he was aware when he pled *nolo contendere*,

he was not prejudiced by the lack of accurate advice regarding his potential maximum sentence).

The record reflects that while Patel was advised at the guilty plea hearing that the drug possession charge at this docket carried a maximum sentence of one year, rather than three years,[4] he was correctly informed that the drug possession charge at criminal docket number 3840-12 carried a three-year maximum sentence, and that the retail theft charge carried a two year maximum sentence. In addition, Patel acknowledged in the written guilty plea colloquy that the sentences could be imposed consecutively. Therefore, Patel was aware that he was facing an aggregate maximum sentence of six years, even though the lawful maximum sentence was eight years' imprisonment.

Here, Patel was sentenced to less than five years. As stated above, on the drug charges at the separate dockets, the trial court imposed two concurrent sentences of 6 to 23 months' imprisonment, followed by concurrent one-year terms of probation, and on the retail theft charge, imposed a consecutive two year probationary term. As such, the sentence imposed was less than the six-year maximum sentence communicated to

_____

[4] As noted earlier in this memorandum, at sentencing the court discussed the fact that the drug charge at this docket carried a three-year maximum sentence. *See* N.T., 2/21/2013 (Sentencing), at 8–9.

Patel. Accordingly, applying **Warren, supra**, and **Carter, supra**, no relief is due.[5]

Order affirmed.

_____

[5] Patel attempts to distinguish **Warren**, cited by the PCRA court in its opinion, and, **Commonwealth v. Carter**, 656 A.2d 463 (Pa. 1995), relied upon by the Commonwealth in its brief, on the basis that in these cases, "the defendants were not sentenced above the individual maximum sentence that they were advised for the crimes charged." Patel's Brief, at 9. We are not persuaded by this argument. In **Warren**, only one charge, possession with intent to deliver, was at issue. Furthermore, in **Carter**, where the defendant pled *nolo contendere* to four counts of burglary and was not told the sentences would be run consecutively, the Pennsylvania Supreme Court determined the appellant suffered no prejudice where he was sentenced to less than he could have received on one burglary count. Both **Warren** and **Carter** turned on the question of whether the defendant suffered manifest injustice by receiving a higher sentence than what he was aware he could receive. **See Carter**, 656 A.2d at 466; **Warren**, 84 A.3d at 1096–1097.

Patel also claims that he is prejudiced by the possibility that if he were to violate probation, he could end up a serving a sentence one month greater than the six-year sentence advised at the time of his guilty plea. **See** Patel's Brief at 10. However, this theory of prejudice is speculative and, therefore, unavailing. Moreover, in claiming prejudice, Patel completely ignores the fact that as a result of plea negotiations, the Commonwealth withdrew six felony counts, and allowed Patel to plead guilty to three misdemeanors. **See** N.T., 2/21/2013 (Sentencing), at 17. In sum, Patel has not proven "it is reasonably probable that, but for counsel's errors, he would not have pled guilty and would have gone to trial." **Timchak, supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2015</u>