J-S07004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEO DANIEL EDWARDS, JR., | |
| Appellant | No. 550 MDA 2015 |

Appeal from the Order Entered February 20, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001004-2013

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 05, 2016**

Leo Daniel Edwards, Jr., appeals from the February 20, 2015 order denying him PCRA relief.  We affirm.

This appeal involves four different criminal cases.  At action number 1004 of 2013, Appellant was charged with retail theft graded as a first-degree misdemeanor after he was seen on November 14, 2012, leaving the Bed, Bath and Beyond in Arena Hub Place, Wilkes-Barre Township, with two Dyson vacuum cleaners worth $1,198 without paying for them.  Case number 1020 of 2013 involves a first-degree misdemeanor retail theft offense that Appellant committed when he took a Dyson vacuum worth about $500 from a Wal-Mart Superstore in Wilkes-Barre Township on July 24, 2012.  This crime was captured on surveillance tape.  At case number

_____
* Former Justice specially assigned to the Superior Court.

1021 of 2013, at the Target Department Store located at 3400 Wilkes-Barre Township Commons in Wilkes-Barre Township, Appellant was observed stealing a Dyson vacuum cleaner worth about $600 on September 19, 2013. He was charged with retail theft graded as a first-degree misdemeanor. On February 14, 2013, at criminal action 1022 of 2013, Appellant was charged with retail theft graded as a third-degree felony. Between July 15, 2012, and July 28, 2012, videotape surveillance captured Appellant stealing $2,772.18 in merchandise, which consisted of thirty-two packages of men's razor blades and three Dyson vacuum cleaners, from the same Target Department Store.

On October 10, 2013, he tendered a guilty plea at all four cases, where all four crimes were graded as first-degree misdemeanors. Appellant acknowledged at the proceeding that there was no agreement as to his sentence and acknowledged that the maximum sentence that could be imposed for each crime was five years in jail. A presentence report was prepared, and the matter proceeded to sentencing on November 18, 2013. The report revealed that Appellant had an extensive criminal history, revocations of probation, escapes from work-release programs and furloughs, and he had been released from prison "not long before committing these offenses." N.T. Sentencing, 11/18/13, at 5.

Based upon these factors, and since there were four offenses involved, the sentencing court concluded that a state sentence was appropriate.

Appellant was sentenced in the standard range to nine to twenty-four months, but two of the sentences were imposed consecutively, resulting in an aggregate term of imprisonment of one and one-half to four years.

Appellant did not file a direct appeal but did request PCRA relief in a timely *pro se* petition filed on June 6, 2014. Counsel was appointed and averred that Appellant was entitled to withdraw his guilty plea because counsel told him that he would get a sentence of only six to twelve months "total on these cases." Brief in Support of *Pro Se* PCRA Petition and Supplemental Counseled Petition, 2/5/15, at 2.

The court conducted a hearing on February 11, 2015, where plea counsel, Joseph Yeager, Esquire, denied telling Appellant that he would receive an aggregate sentence of six to twelve months in jail in the four cases. N.T. Hearing, 2/11/15, at 24. Mr. Yeager explained to Appellant that "on each and every count, the standard range was 6 to 12 months" and that he could not predict what the aggregate sentence would be. ***Id***. Mr. Yeager additionally told Appellant, as substantiated by the plea colloquy, that there was no agreement as to his sentence. Mr. Yeager testified that Appellant "was never promised that his sentence would be 6 to 12 months concurrent on each and every retail theft count." ***Id***.

The PCRA court denied relief on February 20, 2015, and this appeal followed. Appellant presents one issue for our review: "Whether the trial court erred in not finding trial counsel ineffective." Appellant's brief at 1.

- 3 -

Appellant claims that he was promised that he would receive six to twelve months imprisonment, rendering his plea infirm since his sentence was in excess of that term. Additionally, Appellant avers that he was never advised about consecutive sentencing and that his aggregate maximum sentence could be more than the maximum sentence outlined as to each offense.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015). Appellant avers that plea counsel was ineffective. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. ***Id***. A determination as to whether the facts asserted present a claim of arguable merit is a legal one. ***Id***. It is presumed that counsel renders effective representation. ***Id***. Additionally, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (citation omitted).

- 4 -

Herein, Appellant's first position is that he was promised a total sentence of six to twelve months incarceration in connection with the plea entered at the four cases. However, the PCRA court specifically found "the testimony of trial counsel, Joseph J. Yeager, Esquire, credible, and further find that he never promised the Defendant that he would receive a particular sentence." Trial Court Opinion, 7/15/15, at 6. "The PCRA court's credibility determinations, when supported by the record, are binding" for purposes of appellate review. *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014). The PCRA court's credibility determination is supported by the transcript of the plea colloquy, where Appellant acknowledged that there was no sentencing agreement. Hence, we are bound by the determination that Appellant was not promised that he would receive six to twelve months incarceration, and his guilty plea cannot be withdrawn on this basis.

Appellant's second position is that he was never informed that his sentences might be imposed consecutively. Appellant relies upon *Commonwealth v. Persinger*, 615 A.2d 1305 (Pa. 1992). In that case, the defendant pled guilty to nine counts of bad checks and one count of theft by deception. Persinger was told that he faced a maximum sentence for the offense of bad checks of two years and a maximum sentence on the theft charge of five years. It was not communicated to the defendant that each sentence could be imposed consecutively, and he ultimately was sentenced to seven and one-half to fifteen years. Thus, while the defendant had been

instructed as to the maximum sentence for each crime, he had not been given information about the aggregate sentence that he faced if the sentences were consecutive. Moreover, Persinger actually received a maximum sentence that exceeded what had been stated as the maximum sentence imposed on any offense. In other words, he was told that the maximum sentence for the most serious offense was five years, yet he received fifteen years. Thus, the defendant's total sentence was far greater than the maximum he could have obtained on the highest graded offense. Since Persinger was unaware of the maximum sentence that he faced and that was imposed, our High Court permitted him to withdraw his guilty plea.

In the present case, at the colloquy, Appellant was advised that each offense to which he was pleading guilty carried a maximum sentence of five years. N.T. Plea, 10/10/13, at 3, 4. The maximum aggregate sentence actually imposed on Appellant was four years imprisonment, which was less than what he was apprised that he risked as to each offense when he tendered his guilty plea. Accordingly, Appellant's guilty plea is not infirm under *Persinger*.

In *Commonwealth v. Carter*, 656 A.2d 463, 466 (Pa. 1995), the defendant invoked *Persinger* since he was not warned that each sentence could be imposed consecutively as to the multiple offenses to which he pled guilty. However, the maximum aggregate sentence that was imposed on Carter was less than the maximum sentence that he was notified that he

faced as to one of the offenses. Thus, the sentence actually imposed on Carter was less than the minimum/maximum sentence that he was told that he risked on one crime.

The **Carter** court distinguished **Persinger** and refused to permit Carter to withdraw his guilty plea since he was aware that he could have received the sentence actually imposed. Herein, Appellant knew that he faced a term of five years incarceration as a maximum sentence and the maximum aggregate sentence imposed was less than that amount of time. **Carter** rather than **Persinger** applies in this case, and Appellant cannot withdraw his guilty plea even though he was not informed about consecutive sentencing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2016