J-S82005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| WILLIAM F. GROULX | |
| Appellant | No. 310 MDA 2016 |

Appeal from the PCRA Order January 22, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000195-2012

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                      **FILED JANUARY 09, 2017**

William F. Groulx appeals from the order entered on January 22, 2016, in the Court of Common Pleas of Wyoming County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541 *et seq*.  A hearing on Groulx's claim of ineffective assistance of counsel was held before the Honorable Russell D. Shurtleff on June 1, 2015. In this timely appeal, Groulx claims the PCRA court erred in failing to find that trial counsel provided ineffective assistance by inducing him into accepting the guilty plea.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The certified record reveals that Groulx was arrested in Lackawanna County for indecent assault and related charges. He was represented by Michael Cowley, Esquire. While those charges were pending, Groulx was arrested in Wyoming County, where he was ultimately charged with 194 counts of possession of child pornography, a second-degree felony. *See* 18 Pa.C.S. § 6312(d)(1). Groulx hired Attorney Cowley to defend him in Wyoming County, as well. Attorney Cowley negotiated a plea agreement with the Commonwealth that allowed Groulx to plead guilty to a single count of possession of child pornography. However, because of a prior relevant conviction, Groulx was subject to a 25-year mandatory minimum sentence.[1] He was also required to undergo evaluation to determine if he was a sexually violent predator (SVP).

On March 1, 2013, Groulx pled guilty in open court to a single count of possession of child pornography. On June 12, 2013, after receipt of a presentence investigative report and having been found to be an SVP, Groulx was sentenced to 300 to 600 months' (25 to 50 years) incarceration. No post-sentence motion or direct appeal was filed. On May 29, 2014, Groulx filed, *pro se*, this timely PCRA petition. Counsel was appointed and an amended PCRA petition was filed claiming Groulx was induced into pleading guilty after trial counsel informed him "he would not have a chance

---

[1] *See* 42 Pa.C.S. § 9718.2 (a)(1).

of being acquitted because trying to convince a bunch of little ol' ladies of [his] innocence in a small town would be hard to do." **See** Amended PCRA petition at ¶ 29.[2]

Initially,

> "Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." **Commonwealth v. Battle**, 883 A.2d 641, 647 (Pa. Super. 2005). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002). We will not disturb the PCRA court's findings unless the record fails to support those findings. **Id**.

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Id**. at 141. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." **Commonwealth v. Kersteter**, 877 A.2d 466, 468 (Pa. Super. 2005).

> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. **See** [**Commonwealth v.**] **Lynch** [, 820 A.2d 728, 732 (Pa. Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id**. at 733 (**quoting**

---

[2] Groulx also claimed trial counsel was ineffective for failing to file a post-sentence motion challenging the imposition of the mandatory minimum sentence pursuant to **Alleyne v. United States**, 113 S.Ct. 2151 (2013). The **Alleyne** decision was announced five days prior to the expiration of time for Groulx to file a post-sentence motion. However, as **Alleyne** does not apply to mandatory minimum sentences imposed because of prior convictions, this claim has been abandoned.

*Commonwealth v. Hickman*, 2002 PA Super 152, 799 A.2d 136, 141 (Pa. Super. 2002)).

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 319-20 (2001). *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). *Kersteter*, 877 A.2d at 469-69 [sic]. Moreover, trial counsel is presumed to be effective. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463, 465 (1995). *Commonwealth v. Rathfon*, 899 A.2d 365, 368-69 (Pa. Super. 2006).

Additionally,

> With regard to prejudice, in *Hickman,* we noted that "[t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *The 'reasonable probability' test is not a stringent one*." *Hickman*, 799 A.2d at 141 (citations omitted; emphasis added). The Court in *Hickman* derived this standard from *Nix v. Whiteside*, 473 U.S. 157, 1106 S.Ct. 988, 89 L.Ed.2d 123 (1986), which held that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id*.

*Commonwealth v. Patterson*, 143 A.3d 394, 397-98 (Pa. Super. 2016).

After the hearing on Groulx's PCRA petition, the PCRA court denied Groulx relief, stating in its Pa.R.A.P. 1925(a) opinion:

> The Court turns next to [Groulx's] second claim for ineffective assistance of counsel that his plea of guilt was unlawfully induced through ineffective assistance and/or advice provided by trial counsel and was, as a result, not knowingly, voluntarily and intelligently tendered. With this, the Court simply cannot agree. The record reflects that Trial Counsel advised [Groulx] of the prospect of going to trial on one hundred ninety four (194) counts, that Trial Counsel advised [Groulx] of the prospect of a guilty plea and that Trial Counsel advised [Groulx] of potential sentencing. Thereafter, [Groulx] pleaded guilty to one (1) count of violating 18 Pa.C.S. § 6312(d)(1), sexual abuse of a child, child pornography. The Court finds, based upon the entirety of the record, that [Groulx's] plea of guilty was not unlawfully induced through ineffective assistance and/or advice provided by trial counsel and that it was in fact knowingly, voluntarily and intelligently tendered.

PCRA Court Opinion, 4/6/2016 at 4-5.

Our review reveals no basis upon which to disturb the PCRA court's ruling.

At the June 1, 2015 PCRA hearing, Groulx testified on direct examination as follows:

> Q: OK, and there came a point in time where you made a decision to plead guilty. How did that come about?
>
> A: I originally wanted to-you know, I asked them about bringing it to trial and Mr. Cowley told me that, you know, it's going to be very hard to convince quote, unquote a bunch of little old ladies in a small town of your innocence so that kind of swayed me to think differently of me going to take it to trial.
>
> Q: OK, at that time, though, did you want to go to trial or did you want to plead guilty?

A: No I originally kind of wanted to go to trial.

Q: OK, why did you want to go to trial?

A: Because of my innocence.

Q: OK, and did you believe that you had defenses to the charges?

A: Yes.

Q: And had you not been advised by Attorney Cowley that, quote, little old ladies, unquote, would not be convinced that you had not committed this offense, would you have pled guilty?

A: No.

Q: OK, was that the ultimate statement that caused you to plead guilty?

A: Yeah, I believe it was.

Q: Well, it's not believe. It's yes or –

A: It put doubt in my mind and made me second guess myself.

N.T. PCRA Hearing, 6/1/2015, at 8-9.

However, at the guilty plea hearing, in open court, when questioned by the court, Groulx testified differently:

Q: You're represented by Attorney Michael Cowley. Are you satisfied with his representation to this point?

A: Yes.

Guilty Plea, 3/1/2013, at 13.

At the guilty plea hearing, Groulx also testified:

Q: OK, very good. [Referring to his understanding of a possible lifetime registration under Megan's Law.] Sir, by pleading guilty

in this matter, you are admitting in substance to the elements of this offense.  Do you still wish to enter your guilty plea today?

A: Yes, your honor.

Q: And you understand that this is a twenty-five year mandatory minimum sentence?

A: Yes, I do.

Q: Alright, are you entering this plea under any threats or promises?

A: No, your honor.

Q: Are you acting on your own free will?

A: Yes.

*Id*. at 15-16.

It is fundamental that "a person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).  After telling the court he was satisfied with counsel's representation, that he was acting under no threats or promises, that he admitted to the substance of the crime, and that he was pleading guilty on his own free will, Groulx cannot now prevail by claiming counsel had improperly induced him to forego the trial he wanted because he was, in fact, innocent.

Further, the certified record indicates that Attorney Cowley was not asked to confirm or deny the alleged statement regarding "little old ladies." Rather, Attorney Cowley testified as follows:

Q: Are you aware of any viable defenses that may have been available to your client during this case?

A: Not in the context of the facts that were developed, no.

Q: Did you advise [Groulx] of his trial rights?

A: Yes.

Q: Did your client want to go to trial?

A: No. This wasn't a do you want to go to trial or don't you want to go to trial question. This was a discussion over an hour at one particular meeting going over things, going over the computer room where he worked, going over the access to the computer room, going over who else had access to it, going over what I saw [regarding the photographs and movies depicting child pornography], going over what his rights were in the event of a criminal trial, discussing the potential consequences of the jury pool, and it's – it's just a fact in this type of case in my opinion that there are certain influences because of the type of evidence that is going to be presented. We discussed the fact that 194 counts could lead to separate sentences of 194 – on 194 charges and if you get one year each on a 194 charges consecutively [sic], you have no chance of getting out at 75 or 70 or anytime.

Q: Was your client on board with this conversation you were having with him?

A: Well, the word, on board – he was involved in it. He was [inaudible] with it. He was questioning of it. We had very frank discussions about this and again, they were all – they were all in the library of the Wyoming County Prison and Bill was very – Bill was in charge of that library when he was there and he was very proud of the way he kept it and we had a good relationship and I

- 8 -

still think that we have a relationship that has existed beyond this particular matter.

Q: So when the decision was reached to plead guilty, was that your decision or your client's decision?

A: It was – it would always be the client's decision. It's not my decision to make a life-changing decision on behalf of a client, but it was made after discussions. It was not just, what do you want to do? It was, here's our options.

Q: So based upon your experience and the evidence that existed in this case, what is your opinion as to [Groulx's] likelihood of success at trial?

A: I was very, very, very concerned that we would be looking at literally a conviction on hundreds of counts. That was my – that was a very significant concern.

N.T. PCRA Hearing, 6/1/2015, at 26-28.

Tellingly, Attorney Cowley later testified on redirect examination:

Q: OK, and I asked you – I want to ask you about this question about hiring a forensic computer expert. Why was one not hired?

A: Because of the discussions that I had with [Groulx] and because of the discussions that I had with one of the witnesses that he asked me to present.

Q: Allow me to explore that a little bit. Did those discussions obviate the need for this expert?

A: Yes.

*Id*. at 38.

The testimony of Attorney Cowley, clearly accepted by the PCRA court as credible, fully supports the PCRA court's determination that Groulx was properly advised of the various options open to him, including trial on the

194 counts, and made an informed decision to pled guilty to one count of child pornography. Also, Groulx's entire premise is based upon a contention that was belied by Groulx's own sworn testimony at the guilty plea hearing. This further demonstrates the underlying claim has no merit. As such, Groulx was not improperly induced into foregoing his constitutional right to a trial. Accordingly, we affirm

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017