J-S94021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.            :
:
:
JAMES E. TOLLEY          :
:
Appellant       :   No. 373 MDA 2016

Appeal from the Judgment of Sentence January 28, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003760-2015

BEFORE:   LAZARUS, J., RANSOM, J., and FITZGERALD, J. [*]

MEMORANDUM BY RANSOM, J.:         **FILED APRIL 17, 2017**

Appellant James E. Tolley appeals from the judgment of sentence of eighteen months to five years of incarceration plus $13,990.42 in restitution, imposed January 28, 2016, following an open guilty plea to aggravated assault by a motor vehicle while driving under the influence (DUI) and DUI – high rate of alcohol.[1]  We affirm.

The relevant facts and procedural history are as follows.  Around 7:30 a.m. on March 3, 2015, Appellant operated a motor vehicle and caused serious bodily injury to another person.  **See** Notes of Testimony (N.T.), 12/7/2015, at 5.  Appellant's blood alcohol content was .109 within two

_____

[1] 75 Pa.C.S. § 3735.1(a), § 3802(b), respectively.


[*] Former Justice specially assigned to the Superior Court.

hours of driving. *See* N.T., 12/7/2015, at 4. In December 2015, Appellant entered an open guilty plea to the aforementioned charges. *Id.*

During Appellant's plea colloquy, the court explained the statutory maximum sentence for each offense. *See* N.T., 12/7/2016, at 9-10. However, the court misstated the maximum sentence for aggravated assault by motor vehicle:

> COURT: The felony of the second-degree, aggravated assault [by] motor vehicle, a [statutory] maximum of seven years. Do you understand that?
>
> APPELLANT: Yes, sir.
>
> COURT: And a $25,000 fine. The most you could get in this case is five-and-a-half years. Okay?
>
> APPELLANT: Yes, sir.
>
> COURT: This is an open plea. That means it is up to me what is going to happen entirely. Anybody promise you anything for your plea?
>
> APPELLANT: No, sir.
>
> COURT: Do you have any expectations as to what is going to occur?
>
> APPELLANT: No, sir.

*Id.* at 9-10. During the Colloquy, Appellant was advised on the record of his right to file an appeal. *Id.* at 12. He also confirmed that his plea was voluntary, that he had adequate opportunity to speak with his lawyer, and that his lawyer explained the potential consequences of his open plea. *Id.*

at 12-14. Appellant was also advised of his rights regarding withdrawing his guilty plea. *Id.* at 13.

Appellant was sentenced in the aggregate as described above on January 28, 2016.[2] Appellant failed to timely file a post-sentence motion. On February 24, 2016, Appellant, through appellate counsel, filed a petition to file a post-sentence motion *nunc pro tunc* along with a motion seeking bail pending appeal. His petition proposed that a post-sentence motion could assert the following claims: (1) the trial court failed to advise Appellant of his appellate rights at sentencing and (2) ineffective assistance of plea counsel. **See** Petition to File Post-Sentence Motion, 2/24/2016 at 4-5. Appellant timely filed a notice of appeal on February 29, 2016.

In March 2016, Appellant timely filed a court-ordered 1925(b) statement asserting 1) the court abused its discretion in accepting his unknowing, involuntary, and unintelligent plea and 2) ineffectiveness of the court and trial counsel in failing to advise him of his post-sentence and appellate rights. **See** 1925(b) Statement, 3/21/2016, 2-3. In April 2016, the court ordered a hearing on both the petition to file a post-sentence motion *nunc pro tunc* and motion seeking bail pending appeal. **See** Order, 4/14/2016. The court also issued a responsive 1925(a) opinion suggesting

_____

[2] Appellant was sentenced to eighteen months to five years of incarceration plus $13,990.42 in restitution for aggravated assault by a motor vehicle while driving under the influence (DUI) to run concurrently with a sentence of thirty days to six months of incarceration for DUI – high rate of alcohol.

this Court to take no action pending the outcome of the June 2016 hearing; the opinion lacks an analysis of Appellant's claims. Trial Ct. Op., 4/28/2016, at 2.

Following a hearing held in June 2016, the court denied Appellant's petition to file a post-sentence motion for lack of jurisdiction. *See* N.T., 6/29/2016, at 2. However, the court granted Appellant's request for bail pending the outcome of this appeal. *See id.* at 5.

On appeal, Appellant presents the following issue:

> Whether Appellant's plea was knowing, voluntary and intelligent where he was improperly advised of the maximum sentence for aggravated assault while DUI and the maximum consecutive sentence for aggravated assault while DUI and DUI.

Appellant's Br. at 6.

Appellant challenges the validity of his plea. Our standard of review is as follows.

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). . . . . A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006).

*Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Appellant concedes that he failed to timely file a post-sentence motion challenging the validity of his guilty plea. *See* Pa.R.Crim.P. 720(A)(1)

- 4 -

(requiring a post-sentence motion to be filed within ten days). Notwithstanding, Appellant contends that this Court may review his claim because he timely filed a notice of appeal. Appellant is incorrect.

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009).

Here, Appellant did not make a timely objection during the plea colloquy or file a post-sentence motion to withdraw his plea. Appellant failed to preserve his claim for review. ***See Lincoln***, 72 A.3d at 611; ***Rush***, 959 A.2d at 949; Pa.R.Crim.P. 720(A)(1). Therefore, we deem Appellant's sole issue waived.[3]

---

[3] Absent waiver, Appellant's claim is devoid of merit and warrants no relief. The court wrongly suggested to Appellant that the maximum penalty for aggravated assault was seven years. Rather, as a felony of the second degree, the maximum penalty was ten years. 18 Pa.C.S. § 1103(2). *(Footnote Continued Next Page)*

- 5 -

Judgement of sentence affirmed.

Judge Lazarus joins.

Judge Fitzgerald concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2017

---

*(Footnote Continued)* ───────────

Nevertheless, the court imposed a total, aggregate sentence of five years. The sentence imposed did not exceed Appellant's expectations. Therefore, the court's error was not prejudicial "on the order of manifest injustice." ***Commonwealth v. Carter***, 656 A.2d 463, 466 (Pa. 1995).