J-S61006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellee | |
| v. | | |
| HERMAN CAVE | | |
| | Appellant | No. 451 EDA 2017 |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002184-2006,
CP-46-CR-0005508-2013, CP-46-CR-0005689-2014

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED NOVEMBER 06, 2017**

Herman Cave appeals from the order entered in the Court of Common Pleas of Montgomery County dismissing his Post-Conviction Relief Act[1] ("PCRA") petition.  After review, we affirm.

Cave pled guilty to aggravated assault[2] after he shot Raheem Jones-Gant during a robbery.  At the time of the shooting, Cave was on both probation and parole due to prior convictions for possession with intent to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541 *et seq.*

[2] 18 Pa.C.S. § 2702.

distribute[3] (convicted 2013) and robbery[4] (convicted 2006). In exchange for his guilty plea, the Commonwealth agreed to *nolle pros* thirty additional charges arising from the same incident, to seek a lesser sentence than the statutory maximum, and to decline the application of sentencing enhancements to Cave's sentence.

After Cave pled guilty, he was sentenced to six to twelve years' incarceration for the aggravated assault charge, four to eight years' incarceration for the probation and parole violations of the prior possession conviction, and six to twelve years' incarceration for the probation and parole violations of the robbery conviction. Each sentence ran concurrently from July 21, 2014, the date of Cave's arrest, which resulted in an aggregate sentence of six to twelve years' incarceration.

Cave did not file a direct appeal, but instead filed a timely *pro se* PCRA petition on April 5, 2016. In response, the PCRA court appointed counsel, Bonnie-Anne Brill Keagy, Esquire, to assist with Cave's PCRA petition. However, after several months of investigation, Attorney Keagy filed a detailed **Turner**[5]/**Finley**[6] no-merit letter on October 4, 2016 and was permitted to withdraw from representation. Judge Furber issued a Pa.R.Crim.P. 907 notice

---

[3] CP-46-CR-0005508-13

[4] CP-46-CR-0002184-06

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

[6] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

of intent to dismiss on October 5, 2016, and Cave filed his *pro se* response to that notice on December 19, 2016. Cave's PCRA petition was dismissed on January 9, 2017, and Cave filed this timely *pro se* appeal.

In his appeal, Cave raises five issues, several of which are related. First, he argues that the PCRA court erred in dismissing his PCRA petition without a hearing, because he believes his claims have merit. Second, Cave argues that his trial counsel was ineffective for advising him to enter a guilty plea, and that his PCRA counsel was ineffective, in essence, for withdrawing from representation. Third, Cave argues that the negotiated sentence imposed pursuant to his guilty plea was illegal. Fourth, Cave argues that, in light of the alleged illegality of the sentence and the ineffectiveness of his counsel, his constitutional rights were violated. Fifth, Cave combines the above arguments to reiterate that his counsel was ineffective, that his sentence was illegal, and that he was misinformed as to the nature of his plea. Each of these arguments is meritless, and we affirm the PCRA court's dismissal.

When reviewing an order denying PCRA relief, we examine whether the PCRA court's determination is supported by the record and is free of legal error. **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014). The PCRA court is justified in dismissing a petition without an evidentiary hearing when, after review, "the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907. An evidentiary hearing is not

a matter of right, and a petitioner must raise an issue of fact to justify such a hearing. **Commonwealth v. Keaton**, 45 A.3d 1050 (Pa. Super. 2012). Here, Cave raised no such issues of fact, and thus the PCRA court's dismissal was not in error.

Attorney Keagy's no-merit letter provided a detailed and well-reasoned analysis of the reasons why Cave's PCRA petition was meritless. As both she and Judge Furber explained, Cave's guilty plea limited his avenues for appeal, and Cave's petition failed to raise an issue which would merit PCRA relief. Dismissal without hearing was proper, and Cave's first claim warrants no relief.

Regarding Cave's second issue, ineffective assistance of counsel, the PCRA court committed no error in dismissing Cave's petition. To be entitled to relief for ineffective assistance of counsel, a PCRA petitioner must establish that: 1) the underlying claim has merit; 2) there was no reasonable basis for counsel's action or failure to act; and 3) but for the counsel's course of conduct, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. **Commonwealth v. Pond**, 846 A.2d 669 (Pa. Super. 2004). Counsel is presumed to provide effective assistance, and it is solely the petitioner's burden to establish ineffectiveness. **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).

Cave argues that his counsel at all stages has been ineffective, both at trial and at the PCRA level. This claim is underdeveloped on appeal, but to the extent that a cognizable claim can be discerned, said claim depends on Cave being dissatisfied with the explanation he received regarding the consequences of his guilty plea. More specifically, Cave believes that he was misled regarding the sentencing guidelines which would apply to his probation and parole violations, and that the sentences imposed were more severe than he had anticipated. This, in Cave's eyes, warrants a finding of ineffective assistance by his trial counsel.

However, the record does not reveal any way in which Cave was misled or misinformed, and Cave intelligently signed the guilty plea colloquy and confirmed his understanding on the record. N.T. Guilty Plea Hearing, 12/15/2015, at 6-8. The colloquy itself was fully compliant with Pa.R.Crim.P. 590 and it sufficiently described the nature of the plea and its consequences. *See Commonwealth v. Carter*, 656 A.2d 463 (Pa. 1995); *see also Commonwealth v. Pollard*, 832 A.2d 517 (Pa. Super. 2003). Despite being given numerous opportunities to seek clarification at his guilty plea hearing, Cave did not take advantage of these opportunities, and no relief is due on this basis.

Cave also alleges that his PCRA counsel was ineffective for choosing to withdraw from his appeal, but this is unfounded. Attorney Keagy complied fully with the court's procedural requirements before her withdrawal, and she thoroughly investigated Cave's claims prior to submitting her no-merit letter.

Cave argues that Attorney Keagy's withdrawal prejudiced his appeal, but her withdrawal was conditioned on her belief, and the trial court's agreement, that the underlying appeal had no merit to begin with. Thus, this claim fails to prove ineffective assistance of counsel on all three prongs. Neither Cave's trial counsel nor his PCRA counsel were ineffective, and no relief is due on this basis.

To the extent that Cave argues that his guilty plea was not knowing or voluntary, this claim—as noted by Judge Furber—is belied by the record. Cave was given multiple opportunities to seek additional information, to reconsider his plea, and to complain to the trial court if he felt that his rights were in any way violated. **See** N.T. Guilty Plea Hearing, 12/15/2015, at 5-24. Instead of doing so, Cave pled guilty and signed the colloquy, affirming on the record that his actions were voluntary, informed, and intelligent. **Id.** at 7-8. A thorough search of the record reveals no evidence that Cave was misinformed or misled by his counsel. In the absence of a more well-developed claim that his plea was not knowing or voluntary, the PCRA court committed no error in dismissing Cave's petition.

Cave's third, fourth, and fifth claims are inexorably intertwined with the allegation that his sentence was illegal. Cave mixes several sentencing standards to reach the conclusion that his sentence was unlawful, but—as the Commonwealth identifies in its brief, as Judge Furber identified in his order, and as Attorney Keagy identified in her no-merit letter—Cave's sentence was

fully compliant with the sentencing guidelines for the crimes to which he pled guilty.

"The general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Hoag*, 665 A,2d 1212, 1214 (Pa. Super. 1995) (citation omitted). Further, upon revocation of probation, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Colon*, 102 A.3s 1033, 1044 (Pa. Super. 2014). Under these principles, Cave's aggregate sentence of six to twelve years' incarceration is well within the sentencing limits and is not illegal. Because Cave's sentence was not illegal, his claims warrant no relief.

Cave's final claim is that he derived no benefit from his guilty plea, and that he thus cannot be held to its terms. His claim of "no benefit" is unfounded. To the contrary, Cave's trial counsel successfully negotiated the dismissal of thirty additional charges and the ultimate imposition of a sentence far below the statutory maximum. Furthermore, the terms of the guilty plea precluded the Commonwealth from applying sentencing enhancements which could have resulted in a substantially more severe sentence. In the absence of an appealable right enumerated by the PCRA, dissatisfaction with one's sentence is an insufficient ground for relief. *Commonwealth v. Bedell*, 954 A.2d 1209 (Pa. Super. 2008).

In short, Cave has failed to establish any basis upon which relief is due. His sentence was legal, his counsel was effective, and his plea was knowing and voluntary. Judge Furber's dismissal of the PCRA petition was not in error.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2017