J-S38044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN LEE | |
| Appellant | No. 2610 EDA 2016 |

Appeal from the PCRA Order July 13, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0011788-2009, CP-51-CR-0011789-2009,
CP-51-CR-0014002-2009

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED JULY 25, 2017**

Appellant, John Lee, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition without a hearing. Appellant claims that his plea counsel's ineffectiveness caused him to enter an unknowing, involuntary, and unintelligent plea, and that he was entitled to an evidentiary hearing on this claim. We affirm.

The PCRA court summarized the procedural and factual history of this appeal as follows:

> On September 7, 2009, [A]ppellant was arrested and charged with a host of crimes including Rape and Involuntary Deviate Sexual Intercourse, Criminal Solicitation, Sexual Assault, Criminal Conspiracy and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

related offenses.[2]  On March 20, 2012, [A]ppellant appeared before th[e trial c]ourt and entered an open guilty plea to Criminal Conspiracy (2 counts), Unlawful Restraint (2 counts), Simple Assault (2 counts), Criminal Solicitation and Possession with Intent to Deliver. Appellant was sentenced on August 1, 2012, to an aggregate sentence of fifteen (15) to thirty (30) years incarceration.[3]  A Motion to Reconsider Sentence was filed by [A]ppellant on August 13, 2012.  This [c]ourt denied the Motion on September 4, 2012.  Appellant did not file an appeal.  However, on July 15, 2013, [A]ppellant filed a petition for relief under the [PCRA].  Counsel was appointed to assist [A]ppellant in the preparation of an Amended PCRA petition.  An Amended PCRA petition was filed on February 2, 2015.  The Commonwealth responded with a Motion to Dismiss which was filed on April 7, 2016. This [c]ourt took the matter under advisement.  Following a review of the record and the various pleadings, this [c]ourt dismissed the [A]ppellant's Amended PCRA petition on July 13, 2016.[4] . . .

\*\*\*

---

[2] The charges were listed in three separate dockets: CP-51-CR-0011788-2009 ("11788-2009"); CP-51-CR-0011789-2009 ("11789-2009"); and CP-51-CR-0014002-2009 ("14002-2009").

[3] The trial court sentenced Appellant to the following individual terms of imprisonment.  In 11788-2009, five to ten years for conspiracy, a consecutive two to four years each for unlawful restraint and criminal solicitation, and a concurrent one to two years for simple assault.  In 11789-2009, a consecutive five to ten years' imprisonment for conspiracy, a concurrent two to four years for unlawful restraint, and a concurrent one to two years for simple assault.  In 14002-2009, a consecutive one to two years for possession with intent to deliver.

[4] The PCRA court did not issue a Pa.R.Crim.P. 907(1) notice of intent to dismiss the petition.  However, Appellant does not challenge this procedural misstep in this appeal.  *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (noting that the "failure to challenge the absence of a Rule 907 notice constitutes waiver" (citation omitted)).

> The facts of [A]ppellant's case were detailed at great length by the Commonwealth at the guilty plea hearing on March 20, 2012. Essentially [A]ppellant engaged in a human trafficking ring that operated out of a Ramada Inn on Roosevelt Boulevard in Philadelphia. In the months leading up to [A]ppellant's arrest, he and others engaged in a large scale prostitution operation. Appellant's associates went throughout Northeast Philadelphia and lured women with promises of food, shelter and drugs. Once the victims agreed to go with [A]ppellant's associates, they were brought to the Ramada Inn where they were sold to [A]ppellant and forced into prostitution. [Appellant was found with controlled substances in his possession at the time of his arrest. Two complainants gave statements to police implicating Appellant in the operation. Although Appellant suggests that one of the complainants recanted her allegations at the preliminary hearing,[5] the Commonwealth's asserted that the complainant was prepared to testify against Appellant at trial.]

PCRA Ct. Op., 10/17/16, at 1-2.

Appellant timely appealed the order denying his PCRA petition without a hearing. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement. However, the PCRA court issued Pa.R.A.P. 1925(a) opinion concluding that Appellant's plea was knowing, intelligent, and voluntary based on its colloquy advising him of the nature of offenses, his rights to a trial, and the permissible range of sentences in each case. PCRA Ct. Op. at 4.

---

[5] Appellant extensively cites to the transcript of the preliminary hearing, which is not included in the certified record. However, the Commonwealth does not object to the accuracy of Appellant's recitation of the preliminary hearing testimony.

Appellant presents two questions that we have reordered for the purposes of our review:

> Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]
>
> Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

Appellant's Brief at 8.

Appellant initially claims that the PCRA court erred in dismissing his claim of ineffective assistance of counsel. In support, Appellant presents three arguments that counsel's ineffectiveness caused him to enter an invalid guilty plea, which we address in detail below.

It is well-settled that:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> ***
>
> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [the petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. . . ."

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). The prejudice required to prevail on a claim of counsel's ineffectiveness during the plea process "is similar to the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea." *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006) (citation omitted).

First, Appellant argues that plea counsel promised him there was a plea deal for three to six years' imprisonment in exchange for his guilty plea to a single count of possession with intent to deliver, and that he was unaware of the maximum sentences for the offenses to which he pleaded guilty. Appellant's Brief at 17-18. We find no support for this argument.

It is well settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citations omitted). This Court has stated "we should be hesitant to set aside the trial court's determination that a hearing is unnecessary[,]" when an alleged promise of a lenient sentence "in support of withdrawal is clearly contradicted by the unambiguous

language of a guilty plea colloquy[.]" ***Commonwealth v. Cappelli***, 489 A.2d 813, 819 (Pa. Super. 1985) (*en banc*).

Instantly, Appellant signed three separate written colloquies, which each indicated the offenses charged, the offenses to which Appellant pleaded guilty, and the maximum sentences for the individual offenses subject to the plea.[6]   Written Guilty Plea Colloquy, 11788-2009, 11789-2009 & 14002-2009, at 1.   The trial court also informed Appellant there were no agreements regarding sentencing, except for the Commonwealth's decision not to pursue a mandatory minimum sentence for the drug offense in 14002-2009.  ***Id.***  Thus, the record clearly contradicts Appellant's allegation that he pleaded guilty based on an alleged promise of a three to six year sentence, or that plea counsel failed to advise him of the maximum sentences of the remaining offenses.  Accordingly, we agree with the PCRA court that these arguments lacked arguable merit.  ***See Wah***, 42 A.3d at 338-39; ***Cappelli***, 489 A.2d at 819.

---

[6] The written colloquy in 11788-2009 did not include the maximum range of sentences for several individual offenses.  However, the written colloquies in 11789-2009 included the same offenses and indicated the maximum range of sentences for those offenses.

Appellant next argues that plea counsel failed to explain the nature of an open plea and the trial court's authority to impose consecutive sentences in all three cases.[7] No relief is due.

In **Commonwealth v. Carter**, 656 A.2d 463 (Pa. 1995), the Pennsylvania Supreme Court acknowledged that a plea could be withdrawn where the defendant was not advised that the trial court could impose consecutive sentences on his plea to multiple counts of burglary. **Id.** at 466 (discussing **Commonwealth v. Persinger**, 615 A.2d 1305 (Pa. 1992)). However, the **Carter** Court held that "where the aggregate sentence [actually imposed] falls within the minimum and maximum sentence that can be imposed on a single count of the crimes charged, [the defendant is] not prejudiced for not being informed of the maximum total sentence he risked by pleading *nolo contendere*." **Id.**

Here, the written and oral plea colloquies did not expressly advise Appellant of the trial court's ability to sentence consecutively on all counts, or of his total exposure to 155 years' imprisonment. However, both the written and oral colloquies apprised Appellant that the maximum exposure of his plea in 11788-2009 was fifty-five years. **See** Written Guilty Plea Colloquy, 11788-2009, at 1; N.T., 3/20/12, at 3. The trial court ultimately imposed an aggregate sentence of fifteen to thirty years' imprisonment,

---

[7] Although the PCRA court did not address this issue in its Pa.R.A.P. 1925(a) opinion, this Court may affirm on any basis apparent in the record. **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000).

which fell within the range imposed in that single case. Consequently, Appellant cannot establish manifest injustice based on plea counsel's alleged failure to inform him of the nature of his open plea or the possibility that consecutive sentences could be imposed on all offenses. **See Diaz**, 913 A.2d at 874; **Carter**, 656 A.2d at 466. Thus, this argument fails.

Appellant next argues that plea counsel was ineffective for refusing to investigate or present possible defense witnesses. Appellant's Brief at 18. According to Appellant,

> These witnesses, Millicient Fluck, and Kate Taylor were arrested together with him in the case. These witnesses were available but [counsel] refused to talk to them or add to the defense Appellant asserts. Appellant claims [counsel] told [him], without even talking to them, "They were lying anyway." These witnesses were available and had no less credibility than [one of the complainants].

*Id.* at 18. Appellant asserts plea counsel "did not want to go to trial[,]" and "[t]his strategy was also demonstrated when trial counsel refused to interview available witness[es] that could have demonstrated Appellant's innocence." *Id.* at 18-19. We conclude that this claim is inadequately developed.[8]

The following precepts govern our review:

> Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. Counsel's unreasonable failure to prepare for trial is "an abdication of the minimum performance required of defense counsel."

---

[8] **See supra** note 7.

The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. Recently summarizing cases . . ., this Court stated that:

These cases . . . arguably stand for the proposition that, at least where there is a limited amount of evidence of guilt, it is *per se* unreasonable not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge on the credibility of other witnesses. They do not stand, however, for the proposition that such an omission is *per se* prejudicial.

Indeed, such a *per se* failing as to performance, of course, does not make out a case of prejudice, or overall entitlement to **Strickland** relief.

When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the **Strickland** test by establishing that:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

To demonstrate **Strickland** prejudice, the PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case."

**Commonwealth v. Johnson**, 966 A.2d 523, 535-36 (Pa. 2009) (citations omitted); **see also Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (applying a similar standard to a claim of ineffectiveness of plea counsel for refusing to call witnesses).

In his amended PCRA petition, Appellant essentially pleaded that (1) witnesses existed, (2) witnesses were available, and (3) plea counsel knew of, or should have known of, the existence of the witnesses. Appellant, however, failed to establish that the witnesses were willing to testify for the defense. **See Johnson**, 966 A.3d at 535-36. More significantly, Appellant's boilerplate assertion that the witnesses "could have demonstrated [his] innocence" did not establish the witnesses would have testified favorably regarding an offense to which he pleaded guilty. Appellant's Brief at 19. Therefore, Appellant failed to plead or prove that plea counsel's alleged refusal to investigate or call defense witnesses caused him to enter an unknowing, involuntary, or unintelligent guilty plea.[9] **See Johnson**, 966 A.3d at 535-36; **see also Turetsky**, 925 A.2d at 881. Accordingly, this argument warrants no relief.

Lastly, Appellant claims that he was entitled to an evidentiary hearing regarding his claims of plea counsel's ineffectiveness. Appellant's Brief at 15-16. However, it is well settled that

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its

_____

[9] Appellant also affirmed that he was satisfied with plea counsel during the oral guilty plea colloquy. N.T. at 11-12.

determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Turetsky***, 925 A.2d at 882 (citations omitted).

Following our review of the record, the PCRA court's opinion, and Appellant's arguments, we discern no basis to disturb the PCRA court's determination that an evidentiary hearing was not warranted. Therefore, we affirm the PCRA court's decision to dismiss the petition without an evidentiary hearing. ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017