J-S27035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAKOU ARMOUR | : | |
| | : | |
| Appellant | : | No. 991 EDA 2018 |

Appeal from the PCRA Order March 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012008-2011,
CP-51-CR-0012012-2011, CP-51-CR-0012013-2011

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 22, 2020**

Appellant, Sakou Armour, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  Appellant contends that plea counsel's failure to advise him that the court could impose consecutive sentences after he pleaded guilty constituted ineffective assistance of counsel causing him to enter an unknowing and involuntary plea.  Because neither the court nor counsel informed Appellant of the possibility of consecutive sentences, and Appellant received an aggregate sentence greater than what the court informed him the maximum sentence for each charge would be, we are

_____

[*] Former Justice specially assigned to the Superior Court.

constrained to agree his plea was invalid. Therefore, we vacate the order in question and remand for further proceedings consistent with this decision.

The PCRA court aptly sets forth the relevant underlying facts, as follows:

[O]n September 14, 2011, at 5063 Parrish Street in Philadelphia, the Petitioner [hereinafter "Appellant"] got in an argument with the complainant, A.H., the mother of his six year-old son. N.T. (Guilty Plea Hearing), 6/21/12, at 20-21. Appellant, who had accused the complainant of cheating on him, also complained that he wanted to transfer her children to another school. N.T. at 2. When A.H. stated that she would think about it, Appellant became enraged and punched her twice with a closed fist in her left eye causing a small bruise. N.T. at 21. A.H.'s 14 year-old daughter called the police. N.T. at 21. Police officers arrived at the property, however the Appellant fled through the back of the premises upon their arrival. N.T. at 21. Following this incident, the complainant obtained a protection from abuse order from Family Court against Appellant. N.T. at 22. This order was served upon Appellant and remained active on September 20, 2011, the date relevant to the two remaining cases. N.T. at 22.

On September 20, 2011, at approximately 10:15 a.m., Appellant went to A.H.'s home at 1214 West Susquehanna Avenue, where she was residing with her son [M.W.] N.T. at 22. Appellant began banging on the door and front window. N.T. at 22. After telling her son not to let Appellant in, A.H. went upstirs to call the police. N.T. at 22-23. Appellant punched out the first-floor window of the home and entered the property with a gun in his hand. N.T. at 23. He proceeded directly up to the second-floor rear bedroom, kicked open the door, straddled A.H. with his legs on her stomach and began to pistol whip her. N.T. at 23. M.W. came upstairs with a baseball bat and hit Appellant in the back, in an effort to get him off of A.H. N.T. at 23. In response, Appellant turned around and fired his weapon twice, shooting M.W. in the face. M.W. then crawled out of the home and collapsed on a street corner. N.T. at 24. Medics responded and were able to transport him to Temple University Hospital. N.T. at 24. As a result of being shot, a bullet entered the side of M.W.'s nostril, went through the top part of his jaw, through his tongue, and ended up lodged in the bottom portion of his jaw. N.T. at 24. Consequently, M.W. had to undergo reconstructive surgery for his jaw in addition to

dental work to repair his injuries. N.T. at 24. Finally, at his guilty plea hearing, Appellant admitted that the facts as recited above were true with one caveat, that he was not straddling A.H. while he was pistol whipping her. N.T. at 25-27.

PCRA Court Opinion, at 1-3.

On May 21, 2012, Appellant pleaded guilty to Attempted Murder and Persons not to Possess Firearms (CP-51-CR-0012012-2011), Burglary and Aggravated Assault (CP-51-CR-0012013-2011), and Simple Assault (CP-51-CR-0012008-2011). The court sentenced him to an aggregate sentence of 41-82 years' incarceration. On June 8, 2015, this Court affirmed judgment of sentence, rejecting Appellant's claim that the trial court erroneously denied his pre-sentence motion to withdraw his guilty plea based on his assertion of innocence. On April 12, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

Appellant timely filed this PCRA petition, his first, and the PCRA court appointed counsel, who filed two amended petitions asserting that plea counsel's failure to advise Appellant that he potentially faced consecutive sentencing after entering a guilty plea contributed to Appellant's unknowing, invalid plea. On March 5, 2018, however, the PCRA court dismissed Appellant's petitions without a hearing pursuant to Pa.R.A.P. 907.

On March 29, 2018, counsel for Appellant filed a timely notice of appeal.[1] Appellant claims his plea was invalid because he did not know he could be

_____

[1] Appellant filed one notice of appeal listing the three trial court docket numbers reflected in the instant caption. On June 1, 2018, the Pennsylvania

sentenced consecutively to a sentence greater than the longest potential maximum sentence of any one count. He further claims ineffective assistance of plea counsel caused his involuntary and unknowing plea. For its part, the Commonwealth has submitted no brief for our consideration despite having received three extensions of time in which to do so.

We do, however, have the benefit of the PCRA court's responsive Rule 1925(a) opinion, in which it opines:

> Appellant brings related claims that his guilty plea was not knowing and voluntary because he was supposedly not informed that he could be sentenced consecutively and that counsel was ineffective for failing to so inform him. The record clearly establishes that Appellant understood the maximum penalties he could receive. Thus, Appellant's guilty plea was knowing and voluntary and his claim of ineffective assistance of counsel must fail.
>
> . . .
>
> Here, this [PCRA court] conducted a thorough colloquy. Appellant confirmed that he understood, *inter alia*, his right to a jury trial, the presumption of innocence, and the limited appellate rights that he would have if he entered a guilty plea. N.T., at 7-11, 14-17. He signed written colloquy forms, which again confirmed that he understood his rights. N.T. at 14, 17-18. He asserted that he

---

Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that the practice of filing a single notice of appeal for separate dockets violated Pennsylvania Rule of Appellate Procedure 341, the result for which must be quashal of the appeal. **See Walker**, 185 A.3d at 977. Because the mandate in the Official Note to Rule 341 was contrary to "decades of case law from this Court and the intermediate appellate courts," the Court announced that its holding would apply only to appeals filed after June 1, 2018, the date **Walker** was filed. **Id**. Here, because Appellant filed his notice of appeal predates the **Walker** decision by approximately two months, quashal does not apply to his case.

- 4 -

understood each of the offenses. N.T. at 14-17. The Commonwealth then explained the factual basis for the charges. N.T. at 20-25. Based on this record, Appellant could not possibly show that his plea was unknowing or involuntary. *See Commonwealth v McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001) ("[W]here . . . a guilty plea colloquy was conducted, during which it became evident that the petitioner understood the nature of the charges against him, the voluntariness of the plea is established."). . . .

Appellant's specific assertion that he did not understand he could be sentenced to consecutive terms of imprisonment is belied by the record. His attorney explained, and Appellant affirmed, that he understood the maximum terms of imprisonment he faced for each of the offenses to which he was pleading guilty. N.T. 5/21/16, pp. 14-17. This was enough to make his plea knowing and voluntary. *See Commonwealth v. Carter*, 656 A.2d 463, 466 (Pa. 1995) (Carter's plea knowing and voluntary were, even though he was not told sentences could run consecutively, he was informed of maximum sentence for each count and his sentence was less than the maximum).

PCRA Court Opinion, at 4-5.

Initially, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and

- 5 -

counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ... [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson,* 966 A.2d 523, 532–33 (Pa. 2009) (citations omitted).

In his brief, Appellant maintains that plea counsel's failure to advise him that consecutive sentencing could result in a sentence greater than the potential maximum individual sentence of which he was made aware caused him to enter an involuntary and unknowing plea. This was so, Appellant continues, because counsel's omission occurred against the backdrop of neither the oral nor written guilty plea colloquy informing him of the real maximum sentence he faced by virtue of an aggregate sentence. "In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea." *Commonwealth v. Allen*, 732 A.2d 582 (Pa. 1999).

> To be valid, a guilty plea must be voluntary, knowing and intelligent. *Commonwealth v. Persinger,* 615 A.2d 1305, 1307 (Pa. 1992). A plea will not be considered as having been knowing, voluntary and intelligent if the defendant's aggregate sentence exceeds the potential maximum sentence of which the defendant was advised or was otherwise aware during the plea. *Carter,* 656 A.2d at 466; *Persinger,* 615 A.2d at 1307–08. Indeed, a plea entered where the defendant later receives a sentence higher than the potential penalty of which the defendant was informed

- 6 -

constitutes a manifest injustice.  ***Persinger***, 615 A.2d at 1307–08.  A manifest injustice provides meritorious grounds for post-sentence plea withdrawal.  ***Id***.

***Commonwealth v. Diehl***, 61 A.3d 265, 268 (Pa.Super. 2013).

In ***Persinger***, the Pennsylvania Supreme Court held on direct appeal[2] that plea counsel rendered ineffective assistance for failing to file a motion to withdraw defendant's guilty plea where the defendant, though informed of the maximum sentence imposable for each charge, was not informed that the sentences could be run consecutively.  Under such circumstances, the Court found the guilty plea colloquy was defective and the plea was not knowingly and intelligently entered.

In ***Carter***, our Supreme Court addressed, again on direct appeal, whether plea counsel ineffectively failed to object to a *nolo contendere* plea where the defendant had not been informed that the sentences could be imposed consecutively.  Conducting a three-prong ineffectiveness inquiry, the Court concluded the defendant could not establish prejudice where his aggregate sentence fell within the longest maximum sentence of all the individual counts.  Specifically, the defendant was advised at the colloquy that he faced up to twenty years on each burglary count, and he received an aggregate sentence of six to twelve years' incarceration.  Given this result, the Court concluded plea counsel could not be deemed ineffective where defendant incurred no prejudice.  ***Id***. at 466.

_____

[2] At the time ***Persinger*** was decided, ineffectiveness claims were generally reviewable on direct appeal.

- 7 -

*Diehl* involved a first PCRA petition asserting ineffective assistance of plea counsel for allowing defendant to enter an open guilty plea to multiple offenses unaware of the possibility of consecutive sentences. The PCRA court conducted an evidentiary hearing and denied relief. On appeal, this Court reversed.

We first noted that the record established that neither the court, the Commonwealth, nor counsel told the defendant of the maximum possible sentence he faced through imposition of consecutive sentences. We then made the observation that defendant's aggregate sentence of 20 to 40 years' incarceration was greater than what he was told would be the longest possible individual maximum sentence, 20 years. This combination of facts, we held, "rendered his plea unknowing, involuntary, and unintelligent. His plea constituted a manifest injustice. . . . [The defendant] was prejudiced by counsel's inaction [in failing to file a motion to withdraw the plea]." *Id*. at 271. Accordingly, we vacated the PCRA order denying relief and remanded, directing the PCRA court to enter an order finding plea counsel ineffective and withdrawing defendant's guilty plea. *Id*. at 272.

In light of the above authority, we find the case *sub judice* comes squarely under *Diehl*. At Appellant's guilty plea hearing, the court informed him that he faced a possible 40-year maximum sentence for attempted

murder involving serious injury.[3] Like the aggregate sentence in **Diehl**, Appellant's aggregate sentence of 41 to 80 years greatly exceeded what he was told would be his maximum sentence exposure.[4]

While Appellant was aware of the statutory maximum sentence for each individual charge, there is no indication in the record that he knew at the time he entered his guilty plea that consecutive sentencing was possible; the oral colloquy and written colloquy contain no advisement about consecutive sentencing, and both plea counsel and Appellant testified at Appellant's unsuccessful pre-sentence motion to withdraw his plea that Appellant received no such advice from counsel and was otherwise unaware. Lastly, the PCRA court does not offer a contrary observation that Appellant received or otherwise knew of such information prior to entering his guilty plea.

---

[3] Section 1102(c) of the Pennsylvania Crimes Code sets forth the sentence applicable to a conviction of attempted murder, namely:

> [A] person who has been convicted of attempt ... to commit murder ... where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S. § 1102(c).

[4] That Appellant's aggregate sentence exceeded the maximum sentences of the individual counts distinguishes this case from **Carter**, upon which the PCRA court relies, as **Carter** held no prejudice could result where the aggregate sentence was less than the potential individual maximum sentence of which the defendant was aware.

Therefore, as we declared in **Diehl** under virtually identical circumstances, we conclude that Appellant's lack of knowledge about his potential maximum sentence was a function of ineffective assistance of counsel that rendered his plea a manifest injustice. Accordingly, we are constrained to vacate the PCRA order and remand with instructions that the PCRA court enter an order withdrawing Appellant's guilty plea.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20