J-S36007-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ST. CLAIR | : | |
| | : | |
| Appellant | : | No. 1278 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005351-2015

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: FILED AUGUST 14, 2020

Appellant, Michael St. Clair, appeals from the judgment of sentence entered June 20, 2019, following his nolo contendere plea to two counts of third-degree murder.[1]  We affirm.

The trial court accurately summarized the factual and procedural history of this case as follows.

> [Appellant] was charged by criminal information with two counts of criminal homicide; two counts of robbery-inflicting serious bodily injury; two counts of criminal conspiracy to commit criminal homicide; and one count of violation of the Uniform Firearms Act-firearms not to be carried without a license.  He appeared, with counsel, on October 3, 2016, and entered pleas of [nolo contendere] to two counts of third-degree murder pursuant to an agreement with the Commonwealth which reduced the criminal

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

homicides charges to third-degree murder and withdrew the other charges. The plea agreement did not address sentencing.

On May 4, 2017, [Appellant] and counsel appeared for sentencing. [Prior to sentencing, plea counsel withdrew from representation and new counsel] entered his appearance. The Commonwealth presented several family members and friends of the victims to share with the [trial court] how the deaths of the victims affected their lives. [Appellant's] father, mother, grandmother and former employer testified on his behalf. [Appellant] apologized to the victims' families and said that he hoped that someday they could forgive him. He also apologized to his family. [The trial court] then sentenced [Appellant] to not less than ten nor more than [20] years on each count and directed that [the sentences] run consecutive to one another.

On May 15, 2017, [Appellant] filed a motion for reconsideration of sentence. After an order was entered by the Department of Court Records [erroneously] denying [Appellant's] post-sentence motion[, the trial court entered an order vacating both the erroneously entered order] and [Appellant's] sentences to permit defense counsel an opportunity to make argument at resentencing. Resentencing took place on June 20, 2019. Defense counsel asked the [trial court] to consider concurrent sentences and [Appellant] again expressed remorse for his conduct. Believing that the original sentences were appropriate, [the trial court] once again imposed consecutive sentences of not less than ten nor more than [20] years [of incarceration]. [This timely appeal followed.[2]]

Trial Court Opinion, 12/9/19, at 1-3 (superfluous capitalization and footnotes omitted) (footnote added).

_____

[2] Appellant filed a pro se notice of appeal on July 2, 2019. At that time, Appellant also requested that the trial court appoint counsel for purposes of appeal. Appellate counsel entered her appearance on August 22, 2019. On October 16, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. On December 9, 2019, the trial court issued a statement pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues on appeal:[3]

   I.   [Whether Appellant's] nolo contendere plea [is] invalid[] because it was unknowingly, involuntarily, and unintelligently entered[?]

   II.  [Whether Appellant's] sentence [is] illegal because [the trial court failed to advise him] that he [possessed] the right to the appointment of counsel to pursue a post-sentence motion challenging the discretionary aspects of his sentence[?]

Appellant's Brief at 6.

Appellant first argues that his nolo contendere plea is invalid. Id. at 16-22. Specifically, Appellant claims that, at the time he entered his plea, he was unaware that the trial court could order consecutive, rather than concurrent sentences, that he could be sentenced to life imprisonment for the second count of third-degree murder,[4] and that the Commonwealth could use his nolo contendere plea to demonstrate a lack of remorse during sentencing. Id. Thus, Appellant argues that he did not knowingly or voluntarily enter his plea of nolo contendere. Id.

"Settled Pennsylvania law makes clear that by entering a [nolo contendere] plea, the defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the

_____

[3] We have edited Appellant's appellate issues for clarity and ease of discussion. See Appellant's Brief at 6.

[4] See Commonwealth v. Morris, 958 A.2d 569, 580-582 (Pa. Super. 2008) (en banc) (interpreting 42 Pa.C.S.A. § 9715(a) and (b) to permit the trial court to impose a sentence of a life imprisonment if a defendant "has previously been convicted at any time of murder or voluntary manslaughter" even if "the two murders were tried and sentenced together.").

validity of the plea." Commonwealth v. Lincoln, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "A defendant wishing to challenge the voluntariness of a [nolo contendere] plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." Id. at 609-610, citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "Failure to employ either measure results in waiver." Lincoln, 72 A.3d at 610 (citation omitted). "Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." Id. (citation, internal quotations, and brackets omitted); see also Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be pursued before this Court).

In this case, Appellant waived his challenge to the validity of his nolo contendere plea. Indeed, a review of the transcripts from his plea and sentencing hearings show that Appellant did not object on the record. See N.T. Plea Hearing, 10/3/16, 2-19; N.T. Sentencing Hearing, 5/4/17, at 1-40. While Appellant filed a post-sentence motion, he confined his claims to a request that the trial court "impose a lesser aggregate sentence or[,] in the alternative, modify the sentences to run concurrently." Appellant's Motion for Reconsideration, 5/15/17, at *2 (un-paginated). Appellant never moved to withdraw his plea. Accordingly, we conclude that Appellant waived his challenge to the validity of his nolo contendere plea.

Even if we reached the merits of Appellant's challenge, he would not be entitled to relief. We previously applied the following well-established standard in assessing a motion to withdraw a nolo contendere plea after sentencing:

> There is no absolute right to withdraw a [nolo contendere] plea[.] To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

Commonwealth v. Pollard, 832 A.2d 517, 522 (Pa. Super. 2003) (citations and quotation marks omitted).

To be valid, a guilty plea must be voluntary, knowing, and intelligent. Commonwealth v. Persinger, 615 A.2d 1305, 1307 (Pa. 1992). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions during the nolo contendere plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pollard, 832 A.2d at 522–523; see also Pa.R.Crim.P. 590. "Inquiry into the above six areas is mandatory." Persinger, 615 A.2d at 1307. "The purpose of [Rule 590] is to insure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." Commonwealth v. Carter, 656 A.2d 463, 465 (Pa. 1995).

Herein, Appellant completed an extensive written plea colloquy which specifically advised him of his right to a jury trial, presumption of his innocence, and ensured that Appellant's attorney "discussed the maximum possible sentences which [the trial c]ourt could impose." Written Colloquy, 10/3/16, at 7, ¶ 44. In addition, the trial court orally colloquied Appellant. First, the trial court distinguished between the various degrees of criminal homicide and specifically described the elements of third-degree murder. N.T. Plea Hearing, 10/3/16, at 3-5. The trial court then explicitly stated that "[m]urder in the third degree carries a maximum penalty of 40 years in prison" and a fine of "$25,000[.00]." Id. at 5. When asked whether Appellant understood "the charge and the maximum penalty involved," Appellant answered in the affirmative. Id. at 6. Next, the trial court explained the difference between a guilty plea and a plea of nolo contendere. Id. at 7. Finally, the trial court confirmed that Appellant understood the rights he was surrendering, that he had not been coerced, and that he was knowingly pleading nolo contendere of his own free will. Id. at 10-11.

Despite the foregoing, Appellant argues that his plea was invalid because he "was not informed on the record during the oral colloquy that the court could impose consecutive sentences at each count of third[-]degree murder." Appellant's Brief at 19. In support of his claim, Appellant relies on our Supreme Court's decision in Persinger, supra.

> In Persinger, the [] Court held on direct appeal that plea counsel rendered ineffective assistance for failing to file a motion to withdraw defendant's guilty plea where the defendant, though informed of the maximum sentence imposable for each charge, was not informed that the sentences could be run consecutively. Under such circumstances, the Court found the guilty plea colloquy was defective and the plea was not knowingly and intelligently entered.

Commonwealth v. Armour, 2020 WL 3412720, at *4 (Pa. Super. June 22, 2020) (footnote omitted). Accordingly, Appellant claims that the trial court's statement that "[m]urder in the third degree carries a maximum penalty of 40 years in prison" was insufficient and, pursuant to Persinger, the court was required to specifically inform him of the possibility of imposing consecutive sentences. N.T. Plea Hearing, 10/3/16, at 5; see also Appellant's Brief at 19-20.

In subsequent cases that followed Persinger, however, our Supreme Court explained that the failure to inform a defendant of the possibility of consecutive sentences will not invalidate a plea as long as the defendant is "not sentenced to a term of imprisonment that exceeded his expectations of imprisonment." Carter, 656 A.2d at 466. Indeed,

> [i]n Carter, [supra,] our Supreme Court addressed, again on direct appeal, whether plea counsel ineffectively failed to object to a nolo contendere plea where the defendant had not been informed that the sentences could be imposed consecutively. Conducting a three-prong ineffectiveness inquiry, the Court concluded the defendant could not establish prejudice where his aggregate sentence fell within the longest maximum sentence of all the individual counts. Specifically, the defendant was advised at the colloquy that he faced up to [20] years on each burglary count, and he received an aggregate sentence of six to [12] years' incarceration. Given this result, the Court concluded plea counsel could not be deemed ineffective whe[n the] defendant incurred no prejudice. Id. at 466.

Armour, 2020 WL 3412720 at *4.

"Here, unlike Persinger, [A]ppellant was not sentenced to a term of imprisonment that exceeded his expectations of imprisonment so as to make his plea involuntary or unknowing." Carter, 656 A.2d at 466. To the contrary, the trial court advised Appellant that he faced imprisonment for up to 40 years for each third-degree murder conviction. N.T. Plea Hearing, 10/3/16, at 5. The trial court's sentence, however, ordered Appellant to serve an aggregate term of 20 to 40 years' incarceration. Thus, Appellant's aggregate prison sentence did not exceed the maximum permissible sentence for a single count of third-degree murder. See Carter, supra at 466. Accordingly, because Appellant did not receive a sentence that exceeded the maximum punishment of which he was advised during the plea colloquy and because Appellant's

other claims lack merit,[5] we conclude that Appellant's nolo contendere plea was knowing, intelligent, and voluntary.

Next, Appellant argues that the trial court erred because, after his resentencing hearing on June 20, 2019, it did not advise him that he was "entitled to counsel to assist him with any post-sentence motions he desired to pursue." Appellant's Brief at 25. Appellant frames this issue as a challenge to the legality of his sentence. Upon review, however, it is apparent that

_____

[5] Appellant also asserts that his plea was invalid because he was unaware that the Commonwealth could utilize his plea of nolo contendere to demonstrate a lack of remorse or that the Commonwealth could pursue a life sentence for the second count of third-degree murder. Appellant's Brief at 17-18 and 21-22. These claims are meritless. First, the Commonwealth did not use Appellant's nolo contendere plea to demonstrate a lack of remorse. See N.T. Resentencing Hearing, 6/20/19 at 1-12. A review of the hearing transcripts indicates that defense counsel attempted to persuade the trial court to reconsider its sentence by claiming that Appellant "expressed severe remorse regarding this incident at his hearing on May 4[, 2017]." Id. at 4. In response, the Commonwealth clarified for the judge the type of plea entered by Appellant and then, later, specifically disputed Appellant's claim that he expressed severe remorse. Specifically, the Commonwealth stated:

> I disagree with [defense counsel] that [Appellant] expressed remorse. He expressed more remorse about his own self being shot than the fact that there are two deceased individuals as a result of the actions that he – what his plan set in motion that led to the death of two individuals.

Id. at 5-6. Thus, it is clear that the Commonwealth did not use Appellant's nolo contendere plea to demonstrate a lack of remorse. Second, the fact that the Commonwealth could have pursued a life sentence is of no consequence. The Commonwealth did not seek a life sentence for the second count of third-degree murder in exchange for Appellant's plea and, as such, there was no reason to inform Appellant of this possibility. See id. at 7. Accordingly, Appellant's alternate claims lack merit.

Appellant's claim is rooted in the belief that the trial court's failure caused Appellant to file a pro se notice of appeal instead of a post-sentence motion. Per Appellant, this prevented him from challenging the discretionary aspects of his sentence on appeal. Appellant, however, filed a post-sentence motion that raised discretionary sentencing claims on May 15, 2017. The Commonwealth concedes, and we agree, that Appellant's previous post-sentence motion sufficiently preserved the issue for appellate review. We will therefore address this issue on appeal.

In Appellant's motion, and currently on appeal, Appellant challenges the trial court's decision to impose consecutive, rather than concurrent sentences. Appellant's issue therefore implicates the discretionary aspects of sentencing. As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Appellant has fulfilled the first, second, and third requirements of the above-mentioned, four-part test. A challenge to the imposition of consecutive sentences, however, does not usually raise a substantial question. Indeed, this Court previously explained:

> Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. Commonwealth v. Pass, 914 A.2d 442, 446–447 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. Id. (holding challenge to court's imposition of sentence of six [] to [23] months['] imprisonment and sentence of one [] year probation running consecutive, did not present substantial question). Compare [Commonwealth v. Dodge, 957 A.2d 1198 (Pa. Super. 2008), appeal denied, 980 A.2d 605 (Pa. 2009)] (holding imposition of consecutive sentences totaling 58 ½ to 124 years['] imprisonment for [37] counts of theft-related offenses presented a substantial question because total sentence was essentially life sentence for [a 42-year-old] defendant who committed non-violent offenses with limited financial impact).

Commonwealth v. Moury, 992 A.2d 162, 169 (Pa. Super. 2010).

Following our decision in Dodge, we have made clear that a challenge to the consecutive nature of standard sentences does not always raise a substantial question. See Commonwealth v. Gonzalez–Dejesus, 994 A.2d 595, 598 (Pa. Super. 2010) (imposition of consecutive as opposed to concurrent sentences does not ordinarily raise a substantial question that justifies allowance of appeal). Instead, we examine such claims on a case-by-case basis. Id. This Court has determined that "the key to resolving

the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." Id. at 598–599.

Based upon our review, Appellant's sentence is not facially excessive in light of his criminal conduct. Indeed, Appellant's sentence is below the mitigated range. See N.T. Resentencing Hearing, 6/20/19, at 5. Moreover, prior to sentencing, the trial court reviewed the pre-sentence investigation ("PSI") report. See N.T. Sentencing Hearing, 5/4/17, at 2. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive." Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Id. (citation and internal quotation omitted). In this case, the trial court had the benefit of a PSI report before fashioning Appellant's consecutive sentences for two distinct homicides. The punishment imposed by the trial court was not excessive in light of the criminal conduct at issue. Accordingly, based upon all of the foregoing, Appellant has failed to raise a substantial question and, thus, his petition for review of the discretionary aspects of his sentence must be denied.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>8/14/2020</u>