J-S33037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. CHESTNUT | : | |
| | : | |
| Appellant | : | No. 2396 EDA 2021 |

Appeal from the PCRA Order Entered October 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005280-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. CHESTNUT | : | |
| | : | |
| Appellant | : | No. 2397 EDA 2021 |

Appeal from the PCRA Order Entered October 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005281-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. CHESTNUT | : | |
| | : | |
| Appellant | : | No. 2398 EDA 2021 |

Appeal from the PCRA Order Entered October 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002447-2018

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

J-S33037-22

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 20, 2023**

William M. Chestnut ("Chestnut") appeals from the orders granting partial sentencing relief but otherwise denying his timely first Post Conviction Relief Act ("PCRA") petitions in the above-captioned cases.[1]  We affirm.

We summarize the factual and procedural history of this appeal from the record.  On September 11, 2018, Chestnut appeared before the trial court with counsel ("plea counsel"), and following a colloquy, the court offered him the alternatives of proceeding to a "bifurcated" trial or entering guilty pleas in these three cases.[2]  After signing additional written colloquies and undergoing a second in-court colloquy, Chestnut entered open guilty pleas to numerous offenses committed against his paramour, Nicolette Reeves ("Reeves").  Specifically, at 5280 and 5281 of 2017, Chestnut admitted to the following: In April 2017, he called Reeves while she was working and threatened to beat her up because a check had bounced.  **See** N.T., 9/11/18, at 28.  Fearing for her safety, Reeves called her mother.  **See id**.  Reeves's mother picked up Reeves and Reeves's child, and she took them to her own house.  **See id**. at 28-29.  Chestnut arrived at the home, snuck through an unlocked window, and assaulted and strangled Reeves.  **See id**. at 29.  Chestnut told her, "You're

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.  As discussed below, the PCRA court granted PCRA relief from one of the sentences imposed at 5280 of 2017.

[2] Chestnut, while represented by the Philadelphia Defender's Association, had previously entered guilty pleas at Nos. 5280-2017 and 5281-2017.  Chestnut withdrew his pleas after retaining plea counsel.  Plea counsel thereafter represented Chestnut in preparation for trial, and then during his guilty pleas, sentencing, and the reconsideration of Chestnut's sentence.

- 2 -

lucky I didn't beat you to death." ***Id***. Reeves's sister was in the home at the time and called the police. Based on these facts, Chestnut pleaded guilty, at No. 5280-2017, to aggravated assault, terroristic threats, recklessly endangering another person, and strangulation, graded as a second-degree felony. Chestnut also pleaded guilty at No. 5281-2017 to burglary and criminal trespass.

At No. 2447-2018, Chestnut admitted that, in February 2018, he choked Reeves at their home, and between February and March 2018, he sent Reeves threatening text messages and "made comments to obstruct and impede and interfere with her participating with the [c]riminal [j]ustice [s]ytem." ***Id***. at 30-31. At the time of these incidents, Reeves had a protection from abuse order ("PFA") against Chestnut. ***See id***. Based on these facts, Chestnut pleaded guilty at No. 2447-2018 to strangulation, graded as a first-degree felony, intimidation of a witness, terroristic threats, recklessly endangering another person, harassment, and contempt of a court order.[3]

The trial court initially sentenced Chestnut to an aggregate term of sixteen to forty-seven years of imprisonment and a consecutive probationary term of ten years for all three cases, but granted reconsideration, in part. The trial court resentenced Chestnut to an aggregate term of eleven to thirty-two

---

[3] At the time of his pleas, Chestnut was awaiting sentencing for a fourth matter, listed at No. 6778-2017. The facts regarding that matter were not included in the certified records in these appeals.

years of imprisonment followed by ten years of probation. The original and reconsidered sentences included sentences of five to fifteen years of imprisonment each for the second-degree felony count of strangulation listed at No. 5280-2017 and the first-degree felony count of strangulation at No. 2447-2018. Chestnut took direct appeals, and his newly appointed direct appeal counsel filed an **Anders**[4] brief and a petition to withdraw. On October 22, 2020, this Court affirmed the judgments of sentences and granted direct appeal counsel leave to withdraw. **See Commonwealth v. Chestnut**, 241 A.3d 453, 2020 WL 6194413 (Pa. Super. 2020) (unpublished memorandum). Chestnut did not seek allowance of appeal with our Supreme Court.

Chestnut timely filed *pro se* PCRA petitions in all three cases, and the PCRA court appointed present counsel. Present counsel filed amended PCRA petitions asserting that plea counsel was ineffective, Chestnut's pleas had been coerced, and direct appeal counsel was ineffective *per se*. Chestnut's amended petition further alleged that direct appeal counsel had overlooked a meritorious challenge to the legality of the sentence. The Commonwealth filed a response conceding that partial relief was due because the fifteen-year maximum sentence for strangulation at No. 5280-2017 exceeded the lawful maximum sentence for a second-degree felony. The Commonwealth asserted all remaining issues were meritless.

---

[4] **See Anders v. California**, 386 U.S. 738 (1967).

The PCRA court granted partial relief and on October 25, 2021, entered an amended sentencing order at No. 5280-2017 correcting the sentence for strangulation to five to ten years of imprisonment.[5] The PCRA court did not issue Pa.R.A.P. 907 notices, but entered orders at Nos. 5281-2017 and 2447-2018 dismissing Chestnut's PCRA petitions on October 25, 2021. However, the PCRA court did not enter an order disposing of the remaining PCRA claim at No. 5280-2017. Chestnut nevertheless filed separate notices of appeal on November 17, 2021, in all three cases. Subsequently, the PCRA court issued corrective docketing orders indicating that it had held a video hearing to address Chestnut's petition on October 25, 2021,[6] and on that same day, granted partial sentencing relief and denied all remaining PCRA issues. *See* Orders Directing Corrective Docketing, 2/4/22.[7] Chestnut and the PCRA court

---

[5] The corrected sentence did not alter the overall sentencing scheme for the three cases.

[6] Chestnut has not referred to the October 25, 2021 proceedings nor ensured that a transcript of those proceedings were included in the certified records.

[7] The corrective docketing orders of February 4, 2022, were docketed as "case correspondence." We note that the record at 5280 of 2017 still does not contain an entry for an order denying relief on that date. Adding to the procedural confusion in these cases, the dockets in all three of these cases indicate that the PCRA court apparently entered orders denying Chestnut's remaining requests for PCRA relief on December 20, 2021. Although no such orders exist in the records at 5280 and 5281 of 2017, Chestnut filed additional notices of appeal from the December 20, 2021 orders. This Court docketed those appeals at 288 to 291 EDA 2022, but dismissed the appeal at 288 EDA 2022 as duplicative of 289 EDA 2022. Subsequently, this Court dismissed the appeals at 289 to 291 EDA for failure to file docketing statements.

*(Footnote Continued Next Page)*

- 5 -

complied with Pa.R.A.P. 1925. This Court consolidated these appeals *sua sponte*.

Chestnut raises the following issues, which we have reordered for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that [plea] counsel was ineffective for providing misleading information regarding the maximum permissible sentence, failing to file and litigate pre-trial motions, and failing to interview and subpoena witnesses.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that [Chestnut's] guilty plea was unlawfully induced based on [plea] counsel's ineffectiveness, thus rendering the plea unknowing and unintelligent, and the plea colloquy defective.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Chestnut's] constitutional rights under the United States and Pennsylvania Constitutions, including an involuntary and unknowing guilty plea, as well as his Sixth Amendment right to effective representation.

4. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that [direct appeal] counsel was ineffective for filing an **Anders** brief despite [Chestnut's] valid claims, failing to file the

_____

Having reviewed the records and the corrective docketing orders, we will regard as done that which should have been done on October 25, 2021, namely, the entry and docketing of an order that granted in part and dismissed in part PCRA relief at 5280 of 2017. **Cf. Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015) (declining to quash an appeal based on docket notations that an order had been served). As a final note, the PCRA court's corrective docketing orders of February 4, 2022, appear to contain apparent misstatements: the corrective docketing orders indicate that the PCRA court granted sentencing relief at No. 2447-2018; however as noted above, the records indicate that the PCRA court entered an amended sentencing order at No. 5280-2017, not at No. 2447-2018.

- 6 -

requisite [Pa.R.A.P.] 2119(f) statement, and failing to raise the illegal sentence claim.

Chestnut's Brief at 8 (reordered).

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

In his first three issues, Chestnut raises related claims that his pleas were unknowing and involuntary and that plea counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotations omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Moreover,

[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (internal citations and quotations omitted).

A guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. *See Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). We presume that a defendant was aware of what he was doing when entering a plea, and he bears the burden of proving involuntariness. *See id*. A defendant who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Chestnut argues that neither the trial court nor plea counsel advised him of the total sentence he was facing for all three cases. *See* Chestnut's Brief at 16-17. He contends that he believed that the total maximum sentence for

all three cases would have been thirty-seven years and had he known he was facing a possible total maximum sentence of 104 years, he would have insisted on going to trial. *See id*. at 17-18, 22. He also asserts that plea counsel was ineffective for failing to file or litigate pre-trial motions, provide him with discovery materials, and interview and call witnesses. *See id*. at 16-17. Chestnut adds that plea counsel prevented him from retrieving and presenting text messages from the complainant that would have proved his innocence.[8] *See id*. at 22-23.

The PCRA court considered and rejected Chestnut's arguments noting that the trial court had properly informed him of his combined possible sentencing exposure for all three cases. *See* PCRA Court Opinion, 4/25/22, at 6. The PCRA court further concluded that Chestnut failed to offer any factual or legal support for his claims that plea counsel was ineffective. *See id*. at 7.

Our review reveals that the record supports the PCRA court's conclusions. The trial court had informed Chestnut that "if convicted of all three cases, the maximum possible sentence that [he was facing was] . . . 49

---

[8] Additionally, Chestnut asserts that the sentencing in a fourth case at 6778 of 2017, would have been consolidated into the proceedings in the three cases *sub judice*. However, he fails to develop any argument how this alleged belief affected the entry of his pleas. Therefore, we will not consider this unsupported assertion. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (refusing to consider an undeveloped claim).

years to 103 year[s'] state time incarceration" during its initial colloquy.[9]  **See** N.T., 9/11/18, at 13.  Therefore, his claim that his plea was involuntary or unknowing because he believed his maximum sentencing exposure was only thirty-seven years lacks arguable merit.

Furthermore, Chestnut's claims that plea counsel failed to file or litigate pre-trial motions, provide him with discovery materials, obtain text messages, or interview witnesses are too boilerplate.  Chestnut, in his amended PCRA petition or his brief in these appeals, has not identified any specific pretrial claim, available information, or witnesses plea counsel should have pursued in preparation for trial.  Therefore, we conclude the PCRA court properly dismissed these bare assertions of ineffective assistance of counsel.  **See Commonwealth v. Thomas**, 783 A.2d 328, 333 (Pa. Super. 2001) (noting that the ineffective assistance of counsel will not be found in a vacuum and reminding an appellant that it is his burden to show a factual predicate to

---

[9] We acknowledge the discrepancy in the trial court and the PCRA court's reference to a 103-year total possible maximum sentence and Chestnut's assertion of a 104-year possible maximum sentence.  However, any difference between a 104- versus a 103-year maximum sentence is immaterial because the trial court had clearly apprised Chestnut of a total sentencing exposure of over one hundred years for the three cases and the trial court at no point sentenced Chestnut beyond a total maximum sentence of imprisonment of forty-seven years.  Thus, Chestnut cannot claim prejudice arising from the difference in his and the courts' calculations of the total possible maximum sentence.  **See Commonwealth v. Carter**, 656 A.2d 463, 466 (Pa. 1995) (noting that a defendant must be advised that sentences can be run consecutively and no prejudice occurs when the trial court's sentence does not exceed the defendant's expectations of imprisonment).

support his allegation of counsel's ineffectiveness).[10]  Accordingly, Chestnut's

first three issues seeking relief from his guilty pleas and alleging plea counsel's

ineffectiveness lack merit.

Chestnut, in his fourth issue, asserts that direct appeal counsel's

ineffective assistance resulted in a complete deprivation of his appellate rights

and warrant a finding of ineffectiveness *per se*.  Under narrow circumstances,

including an actual or constructive denial of counsel, a PCRA petitioner may

assert a claim of ineffectiveness *per se*.  **See Commonwealth v. Rosado**,

150 A.3d 425, 429 (Pa. 2016); **see also Commonwealth v. Reed**, 971 A.2d

1216, 1221 (Pa. 2009) (holding that a claim of *per se* ineffective assistance

of counsel, if established, presumes prejudice without requiring the petitioner

to demonstrate actual prejudice).  Errors by counsel that completely foreclose

appellate review constitute ineffectiveness *per se*.  **See Rosado**, 150 A.3d at

433.  However, counsel is not ineffective *per se* where his actions or inactions

---

[10] We add that records also contradict Chestnut's claims.  The transcript of Chestnut's pleas indicate that plea counsel had informed the trial court that two defense witnesses were outside of the country at the time of the hearing and that there were crucial text messages that could not be recovered from a broken phone.  **See** N.T., 9/11/18, at 3-4.  The trial court had offered Chestnut the opportunity to have a bifurcated jury trial at which Chestnut could have presented evidence at a later date.  **See id**. at 6, 15.  Chestnut, however, elected to plead guilty after being advised that he was waiving his rights to file pre-trial motions and his trial rights.  **See id**. at 18-24; **see also** Written Plea Colloquy Forms, 9/11/18, at 2 (advising Chestnut that his pleas would result in giving up his rights to call defense witnesses).  Under these circumstances, we also find no basis to conclude that Chestnut's plea was involuntary or that plea counsel's failure to prepare for trial induced Chestnut pleas.

only narrow the ambit of an appeal. ***See Reed***, 971 A.2d at 1226 (concluding that "the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate" to establish a claim of ineffectiveness *per se*); ***see also Commonwealth v. Reaves***, 923 A.2d 1119, 1128-29 (Pa. 2007) (holding that where counsel's failure to file post-sentence motions did not foreclose appellate review of appellant's entire claim, counsel was not ineffective *per se*).

Chestnut argues that by filing an ***Anders*** brief, direct appeal counsel failed to raise a meritorious illegal sentencing claim and further failed to preserve discretionary aspect of sentencing claims by including a Pa.R.A.P. 2119(f) statement. ***See*** Chestnut's Brief at 19-20. Chestnut equates direct appeal counsel's performance to the filing of a brief that effectively stripped him of his right to a direct appeal. ***See id***. at 20.

The PCRA court concluded that Chestnut's issue failed because he did not establish a discretionary aspect of sentencing claim of arguable merit and Chestnut was not prejudiced by the absence of a Rule 2119(f) statement. ***See*** PCRA Court Opinion, 4/25/22, at 9. Moreover, the PCRA court found that direct appeal counsel's failure to challenge the legality of the sentence could not result in prejudice because the court granted partial PCRA relief and corrected the illegal sentence. ***See id***.

Our review reveals that contrary to Chestnut's assertions, direct appeal counsel's filing of an ***Anders*** brief and the omission of a Rule 2119(f) statement did not result in the complete foreclosure of this Court's review.

Rather, this Court previously reviewed the merits of at least some of the issues raised in the direct appeal, including a discretionary challenge to the sentences imposed at 5280 of 2017. **See Chestnut**, 2020 WL 6194413, at *4-*5. Further, although Chestnut had waived a challenge to the validity of his pleas by failing to object in the trial court, this Court conducted an extensive alternative analysis to affirm on merits. **See id**. at *6; **accord Reed**, 971 A.2d at 1220 (noting that when an appellate court finds an issue waived but also explains why the claim would lack merit, the merits analysis will constitute the law of the case). We acknowledge that direct appeal counsel and this Court did not address the legality of the sentence imposed for strangulation at No. 5280-2017. However, this oversight did not foreclose appellate review but narrowed the ambit of direct review, and as noted by the PCRA court, the illegal sentence issue has been remedied as part of these PCRA proceedings. Thus, we conclude that Chestnut failed to establish a claim that direct appeal counsel was ineffective *per se*.[11]

Lastly, given the possible confusion at which case the PCRA court granted sentencing relief,[12] we consider *sua sponte* the legality of the

---

[11] Furthermore, Chestnut's generic assertions that direct appeal counsel was ineffective with respect to his discretionary aspect and legality of sentence claims do not establish any of the three prongs for assessing trial counsel's ineffectiveness outside the framework of a claim of ineffectiveness *per se*.

[12] As noted above, the corrective docketing orders indicated that the PCRA court had granted partial sentencing relief at No. 2447-2018, although the PCRA court had only entered an amended sentencing order at No. 5280-2017.

sentences for respective counts of strangulation at Nos. 5280-2017 and 2447-2018.[13]  *See Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018) (noting that an illegal sentence claim is subject to review pursuant to a timely PCRA petition); *Commonwealth v. Wolfe*, 140 A.3d 651, 660 (Pa. 2016) (noting that legality of sentence claims are not subject to the traditional waiver doctrine).  A claim that the trial court improperly graded an offense for sentencing purposes implicates the legality of a sentence.  *See Commonwealth v. Nellom*, 234 A.3d 695, 704 (Pa. Super. 2020) (noting that an improper grading of an offense on facts not proven beyond a reasonable doubt implicated the constitutional principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and thus constituted a challenge to the legality of a sentence), *appeal denied*, 252 A.3d 593 (Pa. 2021).  Our review of the legality of a sentence is *de novo* and plenary.  *See Commonwealth v. Pope*, 216 A.3d 299, 303 (Pa. Super. 2019).

As noted previously, the Commonwealth charged Chestnut with strangulation graded as a second-degree felony at No. 5280-2017 and with strangulation graded as a first-degree felony at No. 2447-2018.  *See* Information, No. 5280-2017, 6/29/17, Count 5,; Information, No. 2447-2018, 4/5/18, Count 1.  Section 2718 of the Crimes Codes generally grades strangulation as a second-degree misdemeanor.  *See* 18 Pa.C.S.A. § 2718(d)(1).  However, if the offense is committed against a family or

---

[13] Although Chestnut repeatedly referred to the imposition of an illegal sentence, he did not develop a specific claim as to any of his sentences.

household member as defined in 23 Pa.C.S.A. § 6102, strangulation constitutes a second-degree felony, which carries a maximum term of imprisonment of ten years. **See** 18 Pa.C.S.A. § 2718(d)(2)(i); **see also** 18 Pa.C.S.A. § 1103(2). If the offense is committed when the defendant is subject to an active PFA that covers the victim, strangulation constitutes a first-degree felony, which carries a maximum term of imprisonment of twenty years. **See** 18 Pa.C.S.A. § 2718(d)(3)(i); **see also** 18 Pa.C.S.A. § 1103(1).

Our review confirms that the PCRA court properly concluded that its sentence of five to fifteen years of imprisonment for the strangulation count at No. 5280-2017 was illegal because that count was graded as a second-degree felony and that sentence exceeded the lawful maximum of ten years. **See** 18 Pa.C.S.A. § 1103(2). However, the PCRA court has since imposed a new sentence of five to ten years of imprisonment on that count, thus, the illegal sentence has been corrected.

As to the strangulation count at No. 2447-2018, our review reveals that Chestnut's guilty plea included specific admissions that he committed the crime of strangulation against Reeves while he was the subject to an active PFA order obtained by Reeves. **See** N.T., 9/11/18, at 30-31. Therefore, he pleaded knowingly, intelligently, and voluntarily to all facts necessary to grade that offense as a first-degree felony, and the sentence of five to fifteen years of imprisonment on that count fell within the proper maximum sentence of

twenty years.[14]  *See* 18 Pa.C.S.A. §§ 1103(1), 2718(d)(3)(i); *see generally*

*Nellom*, 234 A.3d at 704.  Accordingly, we discern no legality of sentence

issues concerning the strangulation count at No. 2447-2018, and we regard

any references to sentencing relief being granted at No. 2447-2018, as

opposed to No. 5280-2017, as typographical mistakes.

In sum, having reviewed the record, the PCRA court's opinion,

Chestnut's arguments, and the applicable law, we conclude that the PCRA

court properly denied Chestnut's claims that his prior counsel were ineffective

and his pleas were invalid.

Orders affirmed.

Judge King joins this memorandum.

Judge Kunselman concurs in the result.

_____

[14] We observe that the information filed at No. 2447-2018 listed the count of strangulation as a felony-one offense, but the recital erroneously included language regarding for second-degree felony offense, namely, that Chestnut had strangled a family or household member.  *See* Information, No. 2447-2018, 4/5/18, Count 1.  This discrepancy does not affect our analysis because Chestnut had clear and repeated notice that the strangulation count at No. 2447-2018 would be graded as a first-degree felony, and he specifically pleaded to the fact necessary to sustain that grading of the offense, that is, that he was subject to a PFA when he strangled Reeves in February 2018.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2023